■ BRIAN MANNIX, Respondent, v. FRANCES MANNIX, Appellant. (Action No. 1.) BRIAN MANNIX, Plaintiff, v. JOHN MANNIX, Defendant. (Action No. 2.) —

No opinion. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ MONSEY MANUFACTURING CO., INC., et al., Appellants, v. FLORENCE OCKO et al., Respondents.—

A copy of the letter was attached to the complaint, but plaintiffs neglected to offer proof of delivery. The learned Referee held that under subdivision 2 of section 268 of the Town Law, such failure of proof required dismissal of the complaint. The statute (Town Law, § 268, subd. 2) provides that an action may be instituted by three resident taxpayers to restrain zoning violations, upon failure of town authorities to take appropriate action within 10 days after written request. It was alleged in the complaint, and there is ample proof in the record, that written requests for appropriate action were delivered to the town authorities on September 17, 1952, October 2, 1952 and October 10, 1952. In addition, it was alleged and proved that on October 14, 1952, written application was made to the Zoning Board of Appeals to review the Building Inspector's failure to find that the alleged violations existed. The town authorities took no action prior to the institution of this lawsuit, in which the complaint was verified on January 2, 1955. Thus, there was compliance with the statute, despite the failure to prove delivery of the letter of December 13, 1954. The proof clearly established, and we find, that defendants violated the Zoning Ordinance of the Town of Ramapo in the following respects: (1) by their use of power in excess of 20 horsepower, in connection with the operation or maintenance of their cold-storage plant; (2) by their employment of more than one person in the cold-storage structure; and (3) by their storage of goods which are not "farm produce." Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.